## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

JOSEPH MARK-XEVIA FRAPPIER,

      Petitioner,

v.                        CASE NO. 4:25-CV-10738
                              HONORABLE F. KAY BEHM
                              UNITED STATES DISTRICT COURT JUDGE

ADAM DOUGLAS,

      Respondent,

_____/

## OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS, DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND GRANTING LEAVE TO APPEAL _IN FORMA PAUPERIS_

      Joseph Mark-Xevia Frappier, ("Petitioner"), incarcerated at the Saginaw Correctional Facility in Freeland, Michigan, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his conviction for first-degree criminal sexual conduct (CSC-I), Mich. Mich. Comp. Laws § 750.520b(1)(b)(iii), and fourth-degree criminal sexual conduct (CSC-IV), Mich. Comp. Laws § 750.520e(1)(a). For the reasons that follow, the petition is DENIED WITH PREJUDICE.

## I.      Background

Between 2015 and 2019, Petitioner sexually assaulted minor children on numerous occasions, including KS and TS, who are brothers.  Petitioner had coached the two boys and was a friend of their father.  KS and TS would sleep over at Petitioner's house with other boys and he would offer them alcohol and vaping equipment.  Petitioner would proposition the boys and sexually assault them by fondling their penises.  Petitioner assaulted KS five or six times; TS described three occasions where he was sexually assaulted.  Two other boys reported that Petitioner furnished alcohol and sexually assaulting them.  *See* Pre-Sentence Investigation Report, pp. 4-5 (ECF No. 12, PageID.350-51).[1]

The basis for Petitioner's CSC-I conviction arose out of an incident involving KS.  KS was a sophomore in high school and called Petitioner for a ride home after a basketball game.  Petitioner arrived but was drunk, so KS, who did not have a driver's license, drove the vehicle.  Petitioner placed his hands on KS's penis and performed fellatio on KS while KS drove.  *See* Pre-Sentence Investigation Report, pp. 4-5 (ECF No. 12, PageID.350-51).

Petitioner pleaded guilty to the above charges in the Livingston County Circuit Court, in exchange for the dismissal of several other criminal sexual

---

[1] Because the victims were minors at the time of the offenses, the Court will refer to them by their initials only to preserve their privacy. *See* Fed. R. Civ. P. 5.2(a).

conduct charges.  The parties also agreed that Petitioner would receive a minimum sentence of fifteen years on the first-degree criminal sexual conduct charge.  At the plea hearing, Petitioner admitted he coerced KS using "[p]arental guidance, as well as coaching."  When asked to elaborate on how he knew KS and TS, Petitioner replied that he was "friends of friends as families," and acknowledged that both of the victims regarded Petitioner as an "[a]uthoritative figure."  (ECF No. 9-4, PageID.146).

Petitioner was sentenced on August 6, 2020 to concurrent sentences of fifteen to forty years on the first-degree criminal sexual conduct conviction and one to two years on the fourth-degree criminal sexual conduct conviction. Petitioner subsequently moved to withdraw his guilty plea, which was denied on June 15, 2023.

The Michigan appellate courts upheld Petitioner's conviction and sentence. *People v. Frappier*, No. 366879 (Mich. Ct. App. Sep. 6, 2023); *lv. den.* 513 Mich. 974, 998 N.W.2d 706 (2024).

Petitioner seeks a writ of habeas corpus on the following grounds: (1) Petitioner's conviction was based on an alleged position of authority through coaching, but he no longer held that position when the crime took place, (2) there was an insufficient factual basis to support the CSC-I count based on the "position of authority" element, (3) the trial court should have permitted withdrawal of

Petitioner's plea, and (4) trial counsel was ineffective for failing to inform

Petitioner of a dispositive defense, rendering his plea unknowing and involuntary.

## II. Standard of Review

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death

Penalty Act of 1996 (AEDPA), imposes the following standard of review for

habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> > (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> > (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if

the state court arrives at a conclusion opposite to that reached by the Supreme

Court on a question of law or if the state court decides a case differently than the

Supreme Court has on a set of materially indistinguishable facts. *Williams v.*

*Taylor*, 529 U.S. 362, 405-06 (2000).  An "unreasonable application" occurs when

"a state court decision unreasonably applies the law of [the Supreme Court] to the

facts of a prisoner's case." *Id.* at 409.  A federal habeas court may not "issue the

writ simply because that court concludes in its independent judgment that the

relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.  "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011).

### III. Discussion

The Court discusses Petitioner's four claims together because they are interrelated.  Petitioner was convicted of first-degree criminal sexual conduct under a theory that he coerced KS because he was acting under a position of authority at the time of the assault.  Petitioner, however, argues that there was insufficient evidence to charge or convict him under this theory because Petitioner stopped coaching KS three years before the sexual assault that underlies the conviction. Petitioner further argues that there was an insufficient factual basis to support the guilty plea.  Petitioner also argues that the trial judge should have permitted him to withdraw his guilty plea.  Lastly, Petitioner argues that trial counsel was ineffective for advising him to plead guilty to the first-degree criminal sexual conduct charge without advising Petitioner that he had a viable defense to the charge, i.e., he did not act under a position of authority when he sexually assaulted KS.

Mich. Comp. Laws § 750.520b(1)(b)(iii) indicates that a person is guilty of criminal sexual conduct in the first degree if he or she engages in sexual penetration with another person that is at least 13 but less than 16 years of age and the actor is in a position of authority over the victim and used this authority to coerce the victim to submit.

Petitioner's first claim that there was insufficient evidence to convict him of first-degree criminal sexual conduct is waived by his guilty plea.

An unconditional guilty plea constitutes a waiver of all pre-plea non-jurisdictional constitutional deprivations. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). By entering a guilty plea, Petitioner waived his right to challenge the sufficiency of the evidence to convict him of the first-degree criminal sexual conduct charge. *See United States v. Manni*, 810 F.2d 80, 84 (6th Cir. 1987); *See also U.S. v. Hawkins*, 8 F. App'x 332, 334 (6th Cir. 2001).

Petitioner is also not entitled to habeas relief on his second claim.

A habeas petitioner's claim that there was an insufficient factual basis for a guilty plea is non-cognizable on habeas review. *See Watkins v. Lafler*, 517 F. App'x 488, 500 (6th Cir. 2013). There is no federal constitutional requirement that a factual basis be established to support a guilty plea. *Id.* While Mich. Ct. R. 6.302(D)(1) requires that a factual basis must be elicited from a defendant prior to accepting his or her guilty plea, the failure of a Michigan trial court to comply this

6

rule does not establish a basis for habeas relief. *Id.* "[T]he requirement that a sentencing court must satisfy itself that a sufficient factual basis supports the guilty plea is not a requirement of the Constitution, but rather a requirement created by rules and statutes." *United States v. Tunning,* 69 F. 3d 107, 111 (6th Cir. 1995). The alleged lack of a sufficient factual basis would not render Petitioner's plea invalid.

Petitioner in his third claim nonetheless argues that the trial judge should have permitted him to withdraw his plea because there was no evidence he acted in a position of authority because the sexual assault took place more than three years after Petitioner no longer coached KS and therefore his conviction for first-degree criminal sexual conduct needed to be set aside or reduced to third-degree criminal sexual conduct.

Petitioner has no federal constitutional right to withdraw his guilty plea. *See Hynes v. Birkett,* 526 F. App'x 515, 521 (6th Cir. 2013). Unless a habeas petitioner's guilty plea otherwise violated a clearly-established constitutional right, whether to allow the withdrawal of a habeas petitioner's plea is discretionary with the state trial court. *See Shanks v. Wolfenbarger*, 387 F. Supp. 2d 740, 748 (E.D. Mich. 2005). Moreover, "[i]t is well-settled that post-sentencing 'buyer's remorse' is not a valid basis" to set aside an otherwise valid guilty plea. *Meek v. Bergh*, 526 F. App'x 530, 536 (6th Cir. 2013) (internal quotations omitted).

7

A guilty plea that is entered in state court must be voluntarily and intelligently made.  *See Shanks,* 387 F. Supp. 2d at 749; *Doyle v. Scutt,* 347 F. Supp. 2d 474, 482 (E.D. Mich. 2004) (both citing *Boykin v. Alabama,* 395 U.S. 238, 242 (1969)).  In order for a plea of guilty to be voluntarily and intelligently made, the defendant must be aware of the "relevant circumstances and likely consequences" of his or her plea.  *Hart v. Marion Correctional Institution*, 927 F.2d 256, 257 (6th Cir. 1991).

Petitioner raised his third claim and his related ineffective assistance of counsel claim in his motion to withdraw the guilty plea.  In denying the motion, the state trial judge noted that Mich. Comp. Laws § 750.520b(1)(b)(iii) did not require that Petitioner be the victim's coach at the time of the sexual assault, only that Petitioner be in a position of authority over the victim and use that authority to complete the assault.  (ECF No. 9-7, PageID.195-96).  The judge then stated:

> The record from the plea hearing contains sufficient evidence to support that defendant was in a position of authority over, uh, the victim at the time he committed the sexual assaults.  The record contains evidence that defendant was a family friend and acted as a parent-like figure to the, to the victim.  This evidence is in line with what is necessary to support the quote position of authority end quote element pursuant to *People v Reid*, that's E-R-I-D (sic).

(*Id.*, PageID.196).  The state trial court concluded "[t]here was ample other evidence in the record to support the position of authority element" for

Petitioner's CSC-I conviction beyond him being a former coach to KS. (*Id.*).

Petitioner is correct that in order to be guilty of first-degree criminal sexual conduct under Mich. Comp. Laws § 750.520b(1)(b)(iii), a defendant must hold a position of authority over the victim at the time of the sexual penetration. *See People v. Hofman*, 339 Mich. App. 65, 72, 981 N.W.2d 112 (2021). However, a position of authority does not need to be a formal relationship akin to a teacher-student or coach-athlete relationship. *See People v. Reid*, 233 Mich. App. 457, 467, 592 N.W.2d 767 (1999) (holding that a family friend held a position of authority over the victim because the victim's parents entrusted the victim to the friend's care to counsel the victim about his delinquency). In *Reid*, the defendant knew the victim's father through work. The victim's father had the victim spend some time with the defendant on three or four separate occasions. These visitations began as informal counseling to determine why the victim was being uncooperative in school, but only the first visit actually involved a serious discussion of the victim's problems. On the final visit, the defendant asked if the victim wanted to come over and play computer games for the night. However, instead of playing computer games, the defendant gave the victim soda spiked with alcohol before performing oral sex on the victim. *Id.*, at 460-65. The Michigan

Court of Appeals held that the defendant had a position of authority over the victim:

> From the foregoing, a rational jury could infer, beyond a reasonable doubt, that the complainant's parents placed defendant in a position of authority over the complainant, particularly at times when they allowed the complainant to spend time with defendant outside their presence, and that the complainant was aware of this.  Indeed, on the occasion of the first meeting between the complainant and defendant, the complainant's father delivered the complainant into defendant's care on a day that the complainant was suspended from school.  Further, the testimony of the complainant's mother indicated that she entrusted the complainant to defendant's care on the night of the alleged incidents.  Thus, a reasonable factfinder could determine beyond a reasonable doubt from this evidence, viewed in a light most favorable to the prosecution, that before *and continuing at the time of the charged incidents*, defendant was acting in a position of authority over the complainant.

*Id.*, at 468 (emphasis in original).

Subsequent to the *Reid* decision, the Michigan Court of Appeals held that the "position of authority" element for first-degree criminal sexual conduct (as well as second-degree criminal sexual conduct) can be established with evidence that the defendant won the victim's trust and the parent's trust "and created the opportunity to exploit [the victim] while in a vulnerable situation."  *People v. Tillery*, No. 225055, 2002 WL 31938273, at *1 (Mich. Ct. App. Nov. 22, 2002).  In *Tillery*, the Michigan Court of Appeals concluded that the evidence established that defendant held a position of authority over the victim where the victim's

mother regarded the defendant as a close family friend, a father figure to her children, and a possible godparent for the victim. *Id.*

As in the above cited cases, there was sufficient evidence to establish that Petitioner held a position of authority over KS, because he served as a parental guidance figure to the victim. When making out a factual basis for the CSC-I charge at the plea hearing, Petitioner was asked how he coerced KS. Petitioner answered: "Parental guidance, as well as coaching." Petitioner further admitted that he was "friends of friends as families" and that the victims viewed him as an authoritative figure. On several occasions, Petitioner had KS, TS, and other young boys over at his house for sleepovers. Petitioner also gave KS a ride home from his basketball game, which lead to the sexual assault that serves as the basis for the CSC-I conviction. Petitioner confirmed in the pre-sentence investigation report that he was "a friend of their father" and admitted to "using [his] authoritative position to take advantage of [KS and TS]." (ECF No. 12, PageID.352). At Petitioner's sentence, the victims' father said that Petitioner was "like a second father," that he trusted him, and that he depended on Petitioner to "be there for [KS and TS]" after his divorce from the children's mother. (ECF No. 9-5, PageID.165-66).

Accordingly, there was sufficient evidence to sustain Petitioner's conviction for first-degree criminal sexual conduct under a theory that he committed the

sexual assault while acting under a position of authority.  The trial court did not err in refusing to permit Petitioner to withdraw his guilty plea.

Petitioner also claims that his plea is involuntary because he was not advised of the position of authority element for first-degree criminal sexual conduct.  It is true that where a defendant pleads guilty to a crime without having been informed of the crime's elements, the voluntary, knowing, and intelligent standard for a guilty plea is not met and the plea is invalid.  *See Bradshaw v. Stumpf,* 545 U.S. 175, 183 (2005).  However, a defendant is presumed to have been informed adequately by his or her defense counsel of the criminal charge to which he or she is pleading guilty, even when the trial court record is devoid of an explanation of the charge by the judge or of a representation by defense counsel that the nature or the elements of the charge have been explained to the defendant.  *See Berry v. Mintzes,* 726 F.2d 1142, 1147 (6th Cir. 1984).  "The presumption is particularly appropriate where, as here, trial counsel was an experienced criminal lawyer."  *Id.* Petitioner has presented no evidence to overcome the presumption that his attorney adequately explained the charges to him.  In any event, Petitioner made out an adequate factual basis for the first-degree criminal sexual conduct charge, including on the position of authority element.

12

In his fourth claim, Petitioner argues that trial counsel was ineffective for advising him to plead guilty without advising him that he had a viable defense to the first-degree criminal sexual conduct charge.

To show that he or she was denied the effective assistance of counsel under federal constitutional standards, a defendant must satisfy a two-prong test. First, the defendant must demonstrate that, considering all the circumstances, counsel's performance was so deficient that the attorney was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Second, the defendant must show that such performance prejudiced his defense. *Id*. To demonstrate prejudice, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694.

In order to satisfy the prejudice requirement for an ineffective assistance of counsel claim in the context of a guilty plea, the defendant must show that there is a reasonable probability that, but for counsel's errors, he or she would not have pleaded guilty, but would have insisted on going to trial. *Premo v. Moore,* 562 U.S. 115, 129 (2011) (citing *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985)). An assessment of whether a defendant would have gone to trial but for counsel's errors "will depend largely on whether the affirmative defense likely would have

succeeded at trial." *Hill,* 474 U.S. at 59. The Sixth Circuit has interpreted *Hill* to require a federal habeas court to always analyze the substance of the habeas petitioner's underlying claim or defense to determine whether but for counsel's error, the petitioner would likely have gone to trial instead of pleading guilty. *See Maples v. Stegall,* 340 F.3d 433, 440 (6th Cir. 2003).

The test of whether a defendant would have not pleaded guilty if he or she had received different advice from counsel "is objective, not subjective; and thus, 'to obtain relief on this type of claim, a petitioner must convince the court that a decision to reject the plea bargain would have been rational under the circumstances.'" *Pilla v. U.S.*, 668 F.3d 368, 373 (6th Cir. 2012) (quoting *Padilla v. Kentucky*, 559 U.S. 356, 372 (2010)). A defendant must also "point to evidence contemporaneous with his plea showing it's reasonably likely *he* would have taken that route." *United States v. Singh*, 95 F.4th 1028, 1033 (6th Cir. 2024) (citing *Lee v. United States*, 582 U.S. 357, 369 (2017)) (emphasis original). "Only in 'unusual circumstances' will a defendant who conceded guilt at the plea stage be able to meet this 'high bar.'" *Id.*, at 1033-34.

Petitioner is unable to meet this high bar because he has failed to show that he had a viable defense to the first-degree criminal sexual conduct conviction because the evidence clearly established that he held a position of authority over

14

KS when he sexually assaulted him. Petitioner is not entitled to habeas relief on his fourth claim.

## IV. Conclusion

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

For the reasons stated in this opinion, the Court denies Petitioner a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right. *See Dell v. Straub,* 194 F. Supp. 2d 629,  659 (E.D. Mich. 2002). However, although jurists of reason would not debate this Court's resolution of Petitioner's claims, the issues are not frivolous; therefore, an

appeal could be taken in good faith and Petitioner may proceed *in forma pauperis* on appeal.  *See Foster v. Ludwick,* 208 F. Supp. 2d 750, 765 (E.D. Mich. 2002).

### V.  ORDER

Based upon the foregoing, **IT IS ORDERED** that:

(1) The petition for writ of habeas corpus is **DENIED WITH PREJUDICE.**

(2) A certificate of appealability is **DENIED.**

(3) Petitioner will be **GRANTED** leave to appeal *in forma pauperis.*

Dated: April 16, 2026                                  s/F. Kay Behm
                                                       F. Kay Behm
                                                       United States District Judge

16